UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GREEKTOWN HOLDINGS, LLC, *et al*.,   United States District Court
                                      Case No. 14-14271
            Debtors,                  Judge Paul D. Borman
_____/

BUCHWALD CAPITAL ADVISORS, LLC,
solely in its capacity as Litigation Trustee for
the Greektown Litigation Trust,

            Plaintiff,                Bankr. Case No. 08-53104
                                      Chapter 11
v.                                    Judge Walter Shapero

DIMITRIOS ("JIM") PAPAS, VIOLA PAPAS,   Adv. Pro. No. 10-05712
TED GATZAROS, MARIA GATZAROS,
BARDEN DEVELOPMENT, INC., LAC VIEUX
DESERT BAND OF LAKE SUPERIOR
CHIPPEWA INDIANS, SAULT STE. MARIE
TRIBE OF CHIPPEWA INDIANS, KEWADIN
CASINOS GAMING AUTHORITY, and
BARDEN NEVADA GAMING, LLC,

            Defendants.
_____/

OPINION AND ORDER (1) DENYING THE PAPAS AND GATZAROS DEFENDANTS'
APPEAL AS OF RIGHT FROM BANKRUPTCY JUDGE WALTER SHAPERO'S AUGUST
  13, 2014 ORDER DENYING THEIR MOTION FOR SUMMARY JUDGMENT AND
       (2) DENYING THEIR MOTION FOR LEAVE TO APPEAL (ECF NO. 1)

Before the Court is Defendants Dimitrios and Viola Papas (the "Papas" Defendants) and Ted

and Maria Gatzaros's (the "Gatzaros" Defendants) Motion for Leave to Appeal Bankruptcy Judge

Walter Shapero's August 13, 2014 Order Denying their Motion for Summary Judgment in

Adversary Proceeding No. 10-05712 (ECF No. 473, Bankr. Adv. Pro. 10-05712) (hereinafter "the

1

Summary Judgment Order"). (ECF No. 1, Motion for Leave to Appeal.) Also before the Court is the related issue of whether the Papas and Gatzaros Defendants may appeal the Summary Judgment Order as of right.[1] Plaintiff has filed a response to the Motion for Leave to Appeal and a Supplemental Brief on the issue of an appeal as of right. (ECF Nos. 3, 9.) The Papas and Gatzaros Defendants have filed a reply brief in support of their Motion for Leave to Appeal and a Supplemental Brief on the issue of an appeal as of right. (ECF Nos. 5, 8.) The Court has determined that oral argument will not assist the Court in determining the merits of the issues presented and therefore will decide the matter on the briefs submitted and without hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court determines that Judge Shapero's Summary Judgment Order is not appealable as of right and DENIES the Papas and Gatzaros Defendants' Motion for Leave to Appeal the Summary Judgment Order.

---

[1] On August 27, 2014, the Papas and Gatzaros Defendants filed a motion for reconsideration and also a Notice of Appeal of Judge Shapero's Order denying their motion for summary judgment. (ECF Nos. 484, 488, Bankr. Adv. Pro. No. 10-05712.) The August 13, 2014 Order was entered on September 16, 2014. (ECF No. 511 Bankr. Adv. Pro. No. 10-05712.) On September 26, 2014, the Plaintiff Litigation Trustee filed a Motion to Dismiss the Appeal in the Bankruptcy Court. (ECF No. 521, Bankr. Adv. Pro. 10-05712.) On October 7, 2014, Judge Shapero entered an Order Denying the Motion for Reconsideration. (ECF No. 536, Bankr. Adv. Pro. 10-05712.) When the Papas and Gatzaros Defendants filed their Motion for Leave to Appeal in this Court, initiating this action on November 5, 2014, it was decided at a status conference held before this Court on November 17, 2014 that the Litigation Trustee would withdraw its motion to dismiss the appeal that was then pending before Judge Shapero. The issues raised in that motion, and the responses of the Papas and Gatzaros Defendants to that motion, have now been brought before this Court in Supplemental Briefing filed by Defendants and Plaintiff on December 12 and December 19, 2014, respectively. (ECF Nos. 8, 9.) Thus, the Court addresses both whether Defendants may appeal Judge Shapero's summary judgment Order as of right and, if not, whether the Court should exercise its discretion to grant their motion for leave to appeal.

**I.     INTRODUCTION**

This action is one of several that have come before this Court in connection with the Greektown Bankruptcy (Bankr. Case No. 08-53104) Adversary Proceeding No. 10-05712, in which the Litigation Trustee seeks to recover, under 11 U.S.C. §§ 544 and 550 and the Michigan Uniform Fraudulent Transfer Act, Mich. Comp. Laws § 566.31 *et seq*. ("MUFTA"), $155 million in transfers made to the Papas and Gatzaros Defendants in 2005 by the insolvent debtor Greektown Holdings, LLC.  In the MUFTA proceeding, the Litigation Trustee asserts that in 2005, Greektown Holdings, LLC sold notes and raised $185 million in cash and then transferred $177 million of that cash to various third-parties, including the Papas and Gatzaros Defendants, for no consideration in order to satisfy pre-existing debts of the owners of Greektown Holdings, LLC.

In this action, the Papas and Gatzaros Defendants seek to appeal Judge Shapero's denial of one of three motions for summary judgment they have filed in the Bankruptcy Court; the other two motions remain pending but unresolved in the Bankruptcy Court.  In the underlying summary judgment motion that is the subject of this appeal, the Papas and Gatzaros Defendants argued that the Litigation Trustee's action against them under MUFTA must be dismissed because the underlying debt transaction challenged in the MUFTA proceeding was approved by the Michigan Gaming Control Board ("MGCB") in 2005:

> Put simply, Plaintiff cannot use MUFTA to avoid and undo the very transaction that the MGCB approved in 2005 under the [Michigan] Gaming [Control] Act [Mich. Comp. Laws § 432.201, *et seq.*].  The Gaming Act preempts the use of MUFTA to second guess and undermine the MGCB's approval of the 2005 Debt Transaction, an approval that was expressly and exclusively entrusted to the MGCB by the Gaming Act.

ECF No. 1, Motion for Leave to Appeal 2, PgID 15 (alterations added).

Judge Shapero rejected the Papas and Gatzaros Defendants' argument and concluded that

the MGCB's approval of the 2005 debt transaction under the Gaming Act does not preempt the Litigation Trustee's MUFTA claims and does not preclude the MUFTA action. Judge Shapero denied the motion for summary judgment. The Papas and Gatzaros Defendants now seek to appeal that ruling either as final order appealable as of right or alternatively seek leave to appeal from an interlocutory order. For the reasons that follow, the Court concludes that the Order denying the Motion for Summary Judgment is not a final Order appealable as of right and DENIES the Motion for Leave to Appeal.

**II.     ANALYSIS**

**A.     Judge Shapero's Order Denying Summary Judgment is Not A Final Order and Not Apppealable as of Right**

This Court has jurisdiction to hear an appeal from a final order of the bankruptcy court under 28 U.S.C. § 158(1), which provides that district courts "shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees" of the bankruptcy courts. "A final order 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *In re Wicheff*, 215 B.R. 839, 840 (6th Cir. BAP 1998) (citing *Belfance v. Bushey (In re Bushey)*, 210 B.R. 95, 98 (6th Cir. BAP 1997)). While the Sixth Circuit has recognized that the concept of finality is to be applied more pragmatically in the context of an overall bankruptcy proceeding, allowing for orders that dispose of "discrete issues" to be appealed immediately, *see In re Dow Corning*, 86 F.3d 482, 488 (6th Cir. 1996), the Papas and Gatzaros Defendants fail to demonstrate why this relaxed approach should apply in the context of an order denying summary judgment within an adversary proceeding which does not resolve any discrete issue and does not end the litigation on the merits:

> The test for finality in the bankruptcy context has often been stated as requiring a showing that the challenged order finally dispose[s] of discrete disputes within the larger case. . . . [The] test has also been

> said to require a showing that the order ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.

*In re Gray*, 447 B.R. 524, 528 (E.D. Mich. 2011) (internal quotation marks and citations omitted) (first alteration in original); *In re Campbell*, No. 10-12630, 2011 WL 768644, at *1 (E.D. Mich. Feb. 28, 2011) (noting that "interlocutory bankruptcy appeals should be the exception, rather than the rule," and holding that bankruptcy court's order denying summary judgment was not a final order and could only be appealed with leave of court) (alteration omitted). *See also In re Saber*, 264 F.3d 1317, 1324 (11th Cir. 2001) ("A final judgment gives one party what they want - the plaintiff the relief sought or the defendant receives a judgment ending the controversy.")

Judge Shapero's Summary Judgment Order did not grant Plaintiff the relief it seeks in the MUFTA Adversary Proceeding or award judgment to any of the Defendants, ending the controversy and leaving "nothing for the bankruptcy to do but execute the judgment." *In re Gray*, 447 B.R. at 528. The Summary Judgment Order does not declare a winner or a loser in this Adversary Proceeding - it merely denies the Papas and Gatzaros Defendants an early victory on one of at least three theories under which they are seeking to have the MUFTA claims against them dismissed. Judge Shapero's Summary Judgment Order, which Defendants do not dispute will be reviewable on appeal, is a not a final order and is not appealable as of right to this Court.[2]

---

[2] The Court also rejects the Papas and Gatzaros Defendants' argument that Judge Shapero's Order denying summary judgment is reviewable as a collateral order under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). Notwithstanding their efforts to compare themselves to an Indian Tribe entitled to absolute immunity from suit, the Papas and Gatzaros Defendants have failed to establish that Judge Shapero's Order denying their motion for summary judgment conclusively determines an important disputed question completely separate from the merits of the MUFTA action that is also effectively unreviewable on appeal from a final judgment. "The Supreme Court has expressly declined to find that the trouble and costs associated with unnecessary litigation satisfy the third requirement of the collateral order test." *Beers Const. Co. v. Pikeville United Methodist*

5

### B. The Court Declines to Exercise its Discretion to Grant Leave to Appeal the Interlocutory Summary Judgment Order

This Court may in its discretion permit an interlocutory appeal of an order of the bankruptcy court but such discretion should be exercised sparingly:

> District courts may hear appeals of interlocutory orders from the bankruptcy courts, with leave of the court. 28 U.S.C. § 158(a)(3). The discretion of the district court should be used sparingly, "since interlocutory bankruptcy appeals should be the exception, rather than the rule." *United States Trustee v. PHM Credit Corp. (In re PHM Credit Corp.)*, 99 B.R. 762, 767 (E.D. Mich. 1989). Since section 158(a) "contains no criteria to guide the exercise of this discretion, district courts have looked to circuit court standards governing interlocutory appeals in 28 U.S.C. § 1292(b)." *Id*. The Sixth Circuit has required [the following] elements in order for a district court to permit an appeal of an interlocutory order:
>
>> This court in its discretion may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Review under § 1292(b) is granted sparingly and only in exceptional cases.

*In re A.P. Liquidating Co.*, 350 B.R. 752, 755 (E.D. Mich. 2006) (quoting *West Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002)) (alteration added). "The burden is on the appellant to establish exceptional circumstances that warrant review of an interlocutory order." *Id*.

The Papas and Gatzaros Defendants have failed to establish that exceptional circumstances exist here that warrant interlocutory review of Judge Shapero's order denying their motion for summary judgment. They have failed to demonstrate that substantial grounds for a difference of opinion exist as to the correct legal standard to be applied in resolving their claim that the "decision

---

*Hosp. of Kentucky, Inc.*, 129 F. App'x 266, 270 (6th Cir. 2005) (citing *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 498-99 (1989)).

6

by the MGCB affirming the 2005 Debt Transaction preempts a MUFTA claim." (ECF No. 1, Mot. for Lv. 18.) In support of their argument that there is "genuine doubt as to the correct legal standard" to be applied in analyzing the issue, Defendants rely largely on the very cases that Judge Shapero discussed (and distinguished) in his Summary Judgment Order. *Compare* Defs.' Mot. for Lv. 15-16 *with* Summary Judgment Order at 14-15, discussing *Kraft v. Detroit Entmt, LLC*, 261 Mich. App. 534 (2004) and *McEntee v. Incredible Technologies, Inc.*, No. 263818, 2006 WL 659347 (Mich. Ct. App. March 16, 2006).

Beyond *Kraft* and *McEntee*, Defendants cite case law standing for the unremarkable proposition that review of certain administrative decisions is limited by statute under Michigan law, completely sidestepping Judge Shapero's lengthy discussion regarding the administrative appeal process as it relates to the MGCB's 2005 approval of the Debt Transactions and his ultimate ruling that an appeal to the MGCB was *not* Plaintiff's sole remedy in this instance. (Summary Judgment Order 25-27.) Thus, there appears to be no real controversy at all about the correct legal standard to be applied. The controversy arises over the application of those legal standards, and not over the correct legal standards to be applied. *See In re ASC Inc.*, 386 B.R. 187, 197-98 (E.D. Mich. 2008) (finding that the difference of opinion prong had not been met where the parties disagreed over whether the controlling test had been satisfied); *Moran v. Official Committee of Administrative Claimants*, No. 05CV2285, 2006 WL 3253128, at *4 (N.D. Ohio Nov. 8, 2006) (noting that the substantial ground for difference of opinion standard "requires that there be a difference of opinion regarding the law, not just a difference of opinion as to how the law is applied").

Furthermore, the Court is unpersuaded by Defendants' effort to manufacture a substantial ground for difference of opinion through their assertion that Judge Shapero answered a larger

7

question than the one they put before him and failed to address the issue they did present, thereby somehow applying an "incorrect legal standard." Defendants assert that:

> The issue is not whether the Gaming Act constitutes a wholesale preemption of MUFTA. The Papas and Gatzaros Defendants never argued for such a far-reaching determination, nor did they need to make such an argument to prevail. Instead, the Papas and Gatzaros Defendants only argued that the MGCB's approval of a debt transaction, under the exclusive authority of the Gaming Act, and following a detailed review and analysis of the transaction, preempts a subsequent challenge of the debt transaction under MUFTA. Instead, any challenge to the MGCB's approval of the debt transaction should have been made in accordance with the proper procedure for review of administrative decisions, which Plaintiff did not do.

ECF No. 1, Mot. for Lv. 13. In fact, Judge Shapero addressed each of these "arguments" in his holdings (1) that MUFTA is not "inconsistent with Gaming Act or with the MGCB's Order, either on their face or as-applied to this case," (Summary Judgment Order at 25) and (2) that an administrative appeal was not the sole appropriate avenue of relief for a challenge to the alleged fraudulent transfers in 2005 to the Papas and Gatzaros Defendants (Summary Judgment Order 26-28). The Papas and Gatzaros Defendants disagree with Judge Shapero's resolution of these issues but have not identified a single legal precedent that was considered by Judge Shapero that should not have been or controlling legal authority that should have been considered by him, but was not.

Finally, the Papas and Gatzaros Defendants argue that, "at a minimum," the Court should grant leave to appeal to "correct and/or clarify the Bankruptcy Court's misstatement of the law regarding the insolvency analysis to be conducted under MUFTA." (ECF No. 1, Mot. for Lv. 19.) Judge Shapero's statement regarding the significance of "subsequent events" to the analysis of whether a MUFTA action would be inconsistent with the Gaming Act was mentioned in dicta as part of his third ground in support of his ultimate conclusion that there was no inconsistency between the two statutes and was not necessary to his holding. (Summary Judgment Order at 24-25.) *See U.S.*

8

*v. Stevenson*, 676 F.3d 557, 561-62 (6th Cir. 2012) (suggesting that language in a judicial opinion that is not necessary to the holding is dictum).  Moreover, to the extent that the Papas and Gatzaros Defendants fear that these statements portend the introduction of inadmissible evidence at trial, this concern likely can be addressed through further motion practice prior to trial.  It need not be addressed by this Court at this time on interlocutory review.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes (1) that Judge Shapero's Order denying the Papas and Gatzaros Defendants' Motion for Summary Judgment is not a final order and not appealable as of right and (2) DENIES the Papas and Gatzaros Defendants Motion for Leave to Appeal (ECF No. 1).  Accordingly, this action is DISMISSED.

IT IS SO ORDERED.

                                    s/Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

Dated:  January 22, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 22, 2015.

                                    s/Deborah Tofil
                                    Case Manager